CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 29 2011

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| ROBERT LEE JONES, | ) |
| | ) |
| Plaintiff, | ) Case No. 7:11CV00126 |
| | ) |
| v. | ) |
| | ) MEMORANDUM OPINION |
| | ) |
| SOUTH WEST VIRGINIA REGIONAL | ) By: Glen E. Conrad |
| JAIL, | ) Chief United States District Judge |
| | ) |
| Defendant. | |

Plaintiff Robert Lee Jones, a Virginia inmate proceeding pro se, has filed this civil rights action, pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. In his complaint, Jones alleges that his jail cell mate sexually abused him. Upon review of the record, the court finds that the complaint must be dismissed.[1]

## Background

Jones alleges the following sequence of events on which he bases his claims. He arrived at the Southwestern Virginia Regional Jail (the jail) as an inmate on July 21, 2010. For three weeks, he was placed in "6A cell 43" with another male inmate who forced Jones to engage in sexual acts. The cell mate told Jones that if he told anyone about the sexual abuse, the cell mate would kill him. Nevertheless, Jones told someone named "Polly what had happen[ed]. But he

---

[1] Based on the same allegations, Jones previously filed a § 1983 complaint against the jail and the cell mate, Jones v. Southwest Virginia Regional Jail Authority, et al., Case No. 7:11CV00022 (W.D. Va. Jan. 25, 2011) (dismissed without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim). While the court sympathizes with plaintiff's distress over the events alleged in his complaints, the court cannot allow a prisoner's § 1983 civil action to go forward when he has failed to allege facts stating any federal constitutional claim. Moreover, the mere fact that plaintiff cannot proceed in federal court with his claims as written does not prevent him from pursuing other legal and administrative remedies.

didn't do anything about it." Jones states that he "tried to get help" and that other inmates at the jail have made fun of him.

Jones says that he filed grievances about the matter in July,[2] but does not attach copies of any grievances or indicate when he filed them, what information he provided, or if any jail official ever received them or responded to them. He names the jail itself as a defendant and asserts he wants someone to help him "do something about it [such as] sue th[e] jail."

## Discussion

The court is required to dismiss any action or claim filed by a prisoner if it determines the action or claim is frivolous, malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1). An inmate's complaint may be summarily dismissed under this section if it fails to allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, __U.S.__, 129 S. Ct. 1937, 1940 (2009). After a review of Jones' allegations as amended, the court concludes that he fails to allege facts stating any claim actionable under § 1983 against the defendant.

### A. Improper Defendant

To state a cause of action under § 1983, a plaintiff must allege facts which would establish that he has been deprived of rights guaranteed by the Constitution or laws of the United

---

[2] Jones' complaint states that he filed grievances in July 13, 2011, but the court assumes that he intended to write "July 2010." The only grievance Jones submits with his complaint is dated in January 2011, long after the period when the alleged sexual abuse occurred.

States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). The jail "is not a 'person' and is therefore not amenable to suit under § 1983." Preval v. Reno, No. 99-6950, 2000 WL 20591, at *1 (4th Cir. Jan. 13, 2000) (unpublished) (quoting Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989)). Therefore, all claims against this defendant will be summarily dismissed.

**B. No Constitutional Claim**

The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners."[3] Farmer v. Brennan, 511 U.S. 825, 833 (1994). Not every injury suffered by one prisoner at the hands of another prisoner establishes liability against a prison official, however. To make a valid claim under the Eighth Amendment based on prison officials' failure to protect him against assault, a prisoner must satisfy two elements: that he faced a substantial risk of serious harm and that officers acted with deliberate indifference to that risk. Id. at 828. A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety." Id. In other words, "the test is whether the guards know the plaintiff inmate faces a serious danger to his safety and they could avert the danger easily yet they fail to do so." Case v. Ahitow, 301 F.3d 605, 607 (7th Cir. 2002). A jail official's accidental or inadvertent failure to protect inmates from harm by other prisoners is not sufficient to state an Eighth Amendment violation. Farmer, 511 U.S. at 840.

---

[3] It is not clear from his pleadings whether plaintiff was a pretrial detainee or a convicted felon at the time of the alleged violations. Claims concerning confinement conditions imposed upon pretrial detainees are to be evaluated under the Due Process Clause, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535-538 (1979). Due process proscribes punishment of a detainee before proper adjudication of guilt has been accomplished. Id. However, as a practical matter, the contours of the Due Process Clause in the prison context tend to be coextensive with the substantive constitutional principles applied via the Eighth Amendment to convicted inmates. See, e.g., Hill v. Nicodemus, 979 F.2d 987, 991-92 (4th Cir. 1992) (medical needs).

Jones alleges telling only one individual about the abuse, but does not indicate when or what details he told "Polly" about the cell mate's abuse or whether "Polly" was just another inmate or an official who had the ability to prevent the abuse from continuing. These allegations are simply not sufficient to state a claim that any jail official knew, in time to prevent the harm, that Jones' cell mate was abusing him. Therefore, Jones' current complaint fails to state a prima facie Eighth Amendment claim against anyone. Iqbal, 129 S. Ct. at 1940. Accordingly, the court will dismiss the federal constitutional claim without prejudice, pursuant to § 1915A(b)(1).

To the extent that Jones may have actionable legal claims against the cell mate under state law for assault and battery or against jail officials for negligence, such state law claims are not independently actionable under § 1983. Weller v. Dep't of Social Services, 901 F.2d 387, 392 (4th Cir. 1990). Moreover, because the federal constitutional claim must be dismissed, the court declines to exercise supplemental jurisdiction over any related state law claims. See 28 U.S.C. § 1367(c). All state law claims will be dismissed without prejudice.

## Conclusion

For the stated reasons, the court concludes that plaintiff fails to allege facts sufficient to state any federal constitutional claim actionable under § 1983, and the court declines to exercise supplemental jurisdiction over any related state law claims. Therefore, the complaint will be dismissed without prejudice. An appropriate order will issue this day.

The clerk shall send copies of this memorandum opinion and the accompanying order to plaintiff.

ENTER: This 23rd day of March, 2011.

/s/ Glen Conrad
Chief United States District Judge